IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WILLIAM L. JOHNSON                                                        PLAINTIFF

VS.                                            CIVIL ACTION NO. 3:05cv338-HTW-JCS

WARDEN DONALD JACKSON                                            DEFENDANT


MEMORANDUM OPINION

This section 1983 cause is before the court for consideration of dismissal of the complaint.   An order of reference to the undersigned was previously entered herein, and the parties have consented to trial by the undersigned.  Having held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), the court concludes that the complaint should be dismissed with prejudice.

Plaintiff is a state inmate incarcerated at the Walnut Grove Youth Correctional Facility.  He brought this action alleging that the prison has failed to accommodate the practice of his religion, which is Islam.  Specifically, he states in his complaint that the prison fired the previous Imam and failed to hire a new one, that Islamic services are limited to a certain number and that only those whose names appear on a list provided by the Imam are allowed to attend, and that Kufi hats and prayer rugs are not available for sale at the prison.

At the omnibus hearing, Plaintiff admitted that he is able to pray freely, wear a short beard, keep a copy of the Koran in his cell, and attend Islamic religious services. According to Defendant, since the filing of Plaintiff's complaint, a new Imam has been hired.  The Imam is free to move throughout the prison and visit with inmates other than

those in lock-down.  Regular Islamic services are held, and any prisoner who has identified his religion as Islam may attend.  Defendant acknowledged that presently Kufi hats and prayer rugs are not offered for sale at the prison because of a recent change in the company providing canteen services, but he represented that these items should be available very soon.   The court concludes that Plaintiff has failed to establish that he has been denied reasonable opportunities to practice his religion.  *See Freeman v. Texas Dep't of Criminal Justice,* 369 F.3d 854, 860 (5th Cir. 2004) ("The pertinent question is not whether the inmates have been denied specific religious accommodations, but whether, more broadly, the prison affords the inmates opportunities to exercise their faith.").  Thus, Plaintiff has failed to allege any injury of constitutional magnitude.

For these reasons, the complaint will be dismissed with prejudice.  A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

So ordered, this the 14th day of June, 2006

/s/ James C. Sumner

_____

UNITED STATES MAGISTRATE JUDGE